# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

 **Plaintiff,**

 v.                         **Case No. 13-CR-245**

**CALVIN MORRIS, JR., et al.,**

 **Defendants.**

## ORDER DESIGNATING CASE AS COMPLEX
## AND GRANTING CONTINUANCE UNDER SPEEDY TRIAL ACT

  On December 10, 2013 a grand jury in this district returned a three count indictment charging the defendants, Calvin Morris, Jr., Christopher J. Lauria, and Michael Hawthorne, with devising and participating in a scheme to defraud and obtain money from mortgage lenders by materially false and fraudulent pretenses, representations, and promises in violation of 18 U.S.C. § 1343 and 2. (Docket # 1.) On December 19, 2013, defendant Morris filed an unopposed motion for an order designating the case as complex. Defendants Hawthrone and Lauria join in the request.

  As grounds for its request, Morris points to the nature and complexity of the prosecution and the voluminous discovery. As to the nature and complexity of the prosecution, Morris states that the indictment alleges a mortgage fraud scheme involving the purchase of residential properties between 2008 and 2010. As to the amount of discovery, Morris points to the fact he just received discovery on December 19, 2013 and it consists of more than 6,500 pages, including police reports, bank records, and photographs.

  After reviewing the motion filed by Morris, the Court finds that based on the nature of the prosecution and the voluminous discovery, it is appropriate to grant this motion. Additionally,

pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv), the Court finds that based on the complexity of this case, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial within the time limits set by the Speedy Trial Act. Further, the Court finds that under 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by taking this action outweigh the best interest of the public and the defendants in a speedy trial.

Therefore, the time between December 20, 2013 and the pretrial scheduling conference to be set is excluded from the speedy trial deadline of 18 U.S.C. § 3161(c)(1).

**NOW, THEREFORE, IT IS ORDERED** that Morris' request to designate the case as complex and for a continuance of the time limits set forth in 18 U.S.C. § 3161(c)(1) is hereby **GRANTED**.

**FURTHER, IT IS ORDERED** that the time between December 20, 2013 and the date of the pretrial conference is excluded from the speedy trial deadline of 18 U.S.C. § 3161(c)(1).

**FURTHER, IT IS ORDERED** that a pretrial scheduling conference for counsel only will be scheduled by separate notice.

Dated at Milwaukee, Wisconsin this 20th day of December, 2013.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge